UNITED STATES DISTRICT COURT

FILED
IN CLERKS OFFICE
2020 JUL 17 PM 3:00
U.S. DISTRICT COURT
DISTRICT OF MASS.

T.A.
K.A

v.

Linda S. Spears

## MEMORANDUM OF LAW IN SUPPORT PETITION FOR WRIT OF HABEAS CORPUS

The Petitioner is seeking an Emergency Stay of a lower court proceeding which has now become extremely unfair and risk of erroneous deprivation is both great and immediate. Petitioner having motioned for discharge counsel and new counsel due to a conflict that is no fault of her own. Yet, the lower court decision maker chose a path which places unfair burdens upon the now Pro Se litigant removing counsel the same day as ~~further expecting~~ trial further expecting the Mother to represent her case with no case file, absolutely no chance of facing her accusers nor a chance to read the accusations within

In this case the decision maker failed to take into consideration the basic aspect of government is to follow fair process. <u>Hurtado v California</u>, 505 U.S. 437 (1884);

Petitioner on the day of a trial in which her twin babies are at grave risk of never being reunited with their Mother. was denied a request for counsel then further forced to proceed Pro Se with never having been provided with the case file never set eyes on the case file, yet is expected to litigate an extremely complicated process involving allegations of unsubstantiated claims of abuse or neglect. In Hamdi v. Rumsfeld 542 US 507 (2004). Justice O'Connor held that the Constitution would not be offended by a classification (in this case abusive)

of enemy combatant provided that label was rebutted in the form of a burden shift.

In this case allegations of neglect must be rebutted by this Petitioner in the form of a meaningful oppurtunity to plead her case Mathews, 424 U.S., at 335. The Constitutional Emergency here is at 11am this morning 17th July 2020 A Mother is expected to plead her own cause with twelve hours review of a case file? The state is not free to place such a burden upon the Petitioning Mother based on its failure to meet the Constitutional requirements of the Counsel Clause Faretta v. California 422 U.S. 806 (1975). Furthermore the state having already provided Petitioner counsel is bound under Halbert v. Michigan 545 US 605 (2005). to continue to provide counsel as the breach of duty is counsel's violation of her canon of ethics.

such unfairness attributed to the state, usurps the promises of the Sixth Amendment. Furthermore it is so extremely unfair as to invoke the Due Process Clause in its own force. Access to The Writ of Habeas Corpus for Injunctive Relief to Stay such unfairness has been the age old purpose for The Great Writ. ~~Const Am 14~~ US Const. Amend 14 <u>Boumediene v Bush</u>, 553 U.S. 723 (2008).

### Jurisdiction

1. This Petitioner confers upon this Court jurisdiction under Article <u>1</u>, Section <u>9</u>, Clause <u>2</u>. of the suspension clause

There is absolutely no reason the government cannot do this in 30, 60, 90 days it is and would be business as usual for the courts.

I however am at jeopardy of losing my twin babies whose interests bears the burdens of the hardships.