UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11352-RGS

CARLA MARIE CONFORTO

v.

COMMISSIONER LINDA S. SPEARS

ORDER

July 22, 2020

STEARNS, D.J.

Carla Marie Conforto has filed a petition a writ of habeas corpus on behalf of her two young children and a motion to proceed *in forma pauperis*. Her papers indicate that care and custody proceedings concerning the children are taking place in the state's juvenile court. Conforto alleges that her federal constitutional rights and those of her children are being violated because she is being required to represent herself. According to Conforto, she had moved the juvenile court to discharge her counsel because of a conflict of interest. Conforto represents that the juvenile court granted the motion but denied Cole's request for the appointment of new counsel. Conforto seeks injunctive relief, asking this court to require the juvenile court to stay proceedings and appoint new counsel for her.

Upon review of the petition, the Court abstains from exercising jurisdiction over this action. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the court would "needlessly inject" itself in a pending state proceeding if it were to provide the requested relief. The court has no reason to believe that the Conforto will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

Accordingly, for the reasons stated above, the motion for leave to proceed *in forma pauperis* is GRANTED, the petition is DENIED, and this action is DISMISSED.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE